```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
UNITED STATES OF AMERICA,               :    Case No. 1:14-CR-229
                                        :    Case No. 1:16-CV-717
            Plaintiff,                  :
                                        :
vs.                                     :    OPINION & ORDER
                                        :    [Resolving Doc. No. 78]
CARMEN OCCHIPINTI,                      :
                                        :
            Defendant.                  :
                                        :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Carmen Occhipinti moves *pro se* under 28 U.S.C. § 2255 to vacate his sentence, arguing that he received ineffective assistance of counsel.[1] Occhipinti also requests an evidentiary hearing to develop the record.[2] The Government responds that Occhipinti's arguments are meritless and that he knowingly and voluntarily accepted the plea agreement.[3]

For the following reasons, the Court **DENIES** Occhipinti's motion.

## I. Background

On July 1, 2014, Occhipinti was indicted on four counts of wire fraud in violation of 28 U.S.C. § 1343, seven counts of bank fraud in violation of 18 U.S.C. § 1344(2), one count of witness tampering in violation of 18 U.S.C. § 1512(b)(1)(12), three counts of tax evasion in violation of 26 U.S.C. § 7201, and two counts of money laundering in violation of 18 U.S.C. § 1957.[4]

---

[1] Doc. 78.
[2] *Id.*
[3] Doc. 85.
[4] Doc. 1.

Case No. 1:14-CR-229
Gwin, J.

On August 5, 2014, Occhipinti executed a plea agreement with the United States and pled guilty to all counts before Magistrate Judge Nancy A. Vecchiarelli.[5] The same day, Magistrate Judge Vecchiarelli found that Occhipinti's guilty plea "was knowing, intelligent, and voluntary, and all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 ha[d] been satisfied."[6]

On December 23, 2014, this Court sentenced Occhipinti to 151 months incarceration, three years supervised release, $1,700 special assessment, and restitution in the amount of $2,094,108.[7] This Court inadvertently failed to formally accept the plea at the time of sentencing, and no formal Judgment was entered on the docket.[8]

On January 3, 2015, Occhipinti, through counsel, filed a motion to withdraw his plea of guilty, arguing that he had an absolute right to withdraw it, under Rule 11(d)(1), due to this Court's failure to formally accept his guilty plea.[9] On January 5, 2015, during a status conference and hearing, this Court granted Occhipinti's motion to withdraw his plea and set the trial to commence February 2, 2015.[10]

On January 20, 2015, Occhipinti executed a Rule 11(c)(1)(C) plea agreement with the United States, and pled guilty to all counts before this Court.[11] The Court sentenced Occhipinti to 120 months incarceration, five years supervised release, $1,700 special assessment, and restitution in the amount of $2,094,108.[12]

Occhipinti brings this writ of habeas corpus, arguing that he received ineffective assistance of counsel based on his trial counsel's failure (1) to challenge this Court's imposition

---

[5] Non-Doc Entry, dated August 5, 2014.
[6] Doc. 26 at 2.
[7] Doc. 74.
[8] *See* Doc. 75 at 2, 7-8.
[9] Doc. 55.
[10] Doc. 58; *see* Doc. 75 at 12: 15-17.
[11] Doc. 64.
[12] Doc. 63.

-2-

Case No. 1:14-CR-229
Gwin, J.

of a five-year period of supervised release, (2) to file a notice of appeal after Occhipinti's first and second sentencing hearings, and (3) to brief the Court regarding Occhipinti's mental incompetency.[13]

## II. Legal Standard

Title 28 United States Code Section 2255 gives a petitioner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a petitioner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[14]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[15] Additionally, a *pro se* complaint is to be liberally construed, and must be held to less stringent standards than formal pleadings drafted by lawyers.[16]

Occhipinti alleges one defect of constitutional magnitude: that he received ineffective assistance of counsel. The Court addresses the legal standard for this claim, and its merits, in turn.

## III. Analysis

*A. Ineffective Assistance of Counsel*

Occhipinti alleges that his constitutional right to effective assistance of counsel was violated.

---

[13] Doc. 78.
[14] 28 U.S.C. § 2255(a).
[15] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Castro v. United States*, 540 U.S. 375, 381-82 (2003).

Case No. 1:14-CR-229
Gwin, J.

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington* test.[17]

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[18] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[19] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[20]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[21]

Occhipinti raises the following particular arguments: defense counsel rendered ineffective assistance when he failed to (1) challenge this Court's imposition of a five-year period of supervised release, (2) file a notice of appeal after Occhipinti's first and second sentencing hearings, and (3) brief the Court as to Occhipinti's mental incompetency.

1. Failure to Challenge Imposition of Five-Year Supervised Release

Occhipinti argues that his trial counsel rendered ineffective assistance when he failed to challenge this Court's imposition of a five-year supervised release. Occhipinti further argues that this Court did not have jurisdiction to impose a second sentence because it occurred outside of the fourteen day window in which Federal Rule of Criminal Procedure 35 allows a court to correct a sentence; that his plea was not knowing, intelligent, and voluntary; that his complaints

---

[17] 466 U.S. 668 (1984).
[18] *Id.* at 688.
[19] *Id.* at 690.
[20] *Id.* at 690-91.
[21] *Id.* at 695.

Case No. 1:14-CR-229
Gwin, J.

presented are not moot; and that he is actually innocent.[22] At the second sentencing, the Court increased the period of supervised release from three years to five years, but reduced the period of incarceration from 151 months to 120 months.

The Government argues that the reduction in time of incarceration is a "significant benefit" despite an increase in the term of supervised release, which rejects a finding of counsel's deficiency or prejudice. The Government further argues that the January 5, 2015 proceeding was a Federal Rule of Criminal Procedure 11 proceeding concerning whether Occhipinti could withdraw his guilty plea. For the reasons below, Occhipinti's arguments lose.

First, Occhipinti's counsel did not render ineffective assistance in failing to challenge the new five-year supervised release term. On January 20, 2015, at the second sentencing, the Court increased the period of supervised release from three years to five years, but reduced the period of incarceration from 151 months to 120 months. The five-year term of supervised release was permissible.[23]

Further, as the Government articulates, Occhipinti was aware of the maximum terms of supervised release for each of the statutes to which he was pleading guilty—including five years for bank fraud:

> THE COURT: In Counts 5, 6, 7, 8, 9, 10 and 11, you are charged with bank fraud, in violation of 18 United States Code Section 1344. If you are convicted of that you can be incarcerated up to 30 years, you can be fined up to a million dollars. You also, after any period of incarceration, would be subject to supervised release for up to five years.
>
> [ . . . ]
>
> THE COURT: Do you understand the penalties you will face if you are convicted?

---

[22] Doc. 78 at 8-16.
[23] Under 18 U.S.C. § 3583(b)(1), Class B felonies, such as bank fraud, carry a maximum term of supervised release of not more than five years.

-5-

Case No. 1:14-CR-229
Gwin, J.

THE DEFENDANT: Yes, Your Honor.[24]

Accordingly, there is no deficiency in counsel's failure to challenge a permissible supervised release sentence, especially when the period of incarceration is reduced.

Second, Occhipinti's counsel rendered effective assistance because this Court had jurisdiction to impose a new sentence after the withdrawal of the guilty plea. The January 5, 2015 proceeding—and the motions preceding it—presented Rule 11 issues concerning whether this Court had accepted Occhipinti's plea and, correspondingly, whether his guilty plea could be withdrawn.[25] Rule 11 provides, "[a] defendant may withdraw a plea of guilty or nolo contendere . . . before the court accepts the plea, for any reason or no reason."[26]

Even though the parties mentioned Rule 35, the substance of the hearing and the ruling on the motion to withdraw the guilty plea concerned Rule 11.[27] In granting Occhipinti's motion to withdraw his guilty plea, this Court found that it had not accepted Occhipinti's original plea before Magistrate Judge Vecchiarelli.[28] Therefore, no Rule 35 or 36 change of plea occurred. Without a Rule 35 or 36 corrected or amended sentence, there was no jurisdictional bar on this Court.[29] Accordingly, defense counsel was not deficient and Occhipinti suffered no prejudice.

Third, there is no merit to Occhipinti's claim that neither of his guilty pleas were knowing, intelligent, or voluntary. During his plea colloquy, Occhipinti confirmed that he understood and waived his rights, and the Court found that he did so "knowingly and

---

[24] Doc. 76 at 5; 15-21, 7: 4-6; *see also* Doc. 64.
[25] *See* Docs. 55 at ¶¶ 5-6, 56 at 1-5, 75 at 3-5, 8-9.
[26] Fed. R. Crim. P. 11(d)(1).
[27] *See* Doc. 75 at 5, 7, 12.
[28] "THE COURT: I had failed to accept the plea at the time of sentencing," Doc. 75 at 2; "THE COURT: . . . it did not appear that I had formally accepted the plea, and I don't believe – Magistrate Judge Vecchiarelli, perhaps, did not have authority to accept it." *Id.* at 4; *see also id.* at 8.
[29] *See United States v. Mendez-Santana*, 645 F.3d 822, 827 (6th Cir. 2011).

Case No. 1:14-CR-229
Gwin, J.

voluntarily."[30] Occhipinti also signed his second plea agreement which stated that the agreement was complete and voluntarily entered.[31] Accordingly, Occhipinti's guilty plea was voluntary.

Under the same point heading, Occhipinti's argument that jurisdictional defects cannot be procedurally defaulted loses. Occhipinti contends that "both judgments"—meaning the first withdrawn sentence and the second sentence—must be void due to fundamental jurisdictional defects.[32] However, this Court had jurisdiction under Rule 11. Accordingly, there are no such jurisdictional defects.

Fourth, Occhipinti's mootness argument fails. Occhipinti argues that mootness cannot supersede a grievance complaining of jurisdictional defects.[33] As the Court discussed above, there are no jurisdictional bars to Occhipinti's second sentence because the Court retained jurisdiction under Rule 11(d). Accordingly, Occhipinti's mootness argument fails.

Fifth, Occhipinti's actual innocence argument fails. Occhipinti argues that his presumption of innocence is automatically restored because the jurisdictional defects caused the sentence to be imposed without a lawful finding of guilt.[34] As the Court discussed above, the Court finds no jurisdictional defects in its sentencing proceedings. Moreover, Occhipinti did not assert claims of actual innocence of the crimes charged.[35] Accordingly, Occhipinti's actual innocence argument fails.

The Court finds that Occhipinti did not receive ineffective assistance of counsel and denies this ground for relief.

---

[30] "THE COURT: I find that you have knowingly and voluntarily waived your rights." Doc. 76 at 22: 21-22.

[31] "Defendant states that no person has threatened or coerced Defendant to do or refrain from doing anything in connection with this case, including Defendant's decision to enter a guilty plea." Doc. 64 at 18-19; *see also id.* at 8-9 (waiver of appeal and post-conviction attack).

[32] Doc. 78 at 14.

[33] *Id.* at 15.

[34] *Id.* at 15-16.

[35] *See Bousley v. United States,* 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency").

-7-

Case No. 1:14-CR-229
Gwin, J.

2. Failure to File Notice of Appeal

Occhipinti next argues that he received ineffective assistance because his counsel failed to file a notice of appeal after the first sentencing and dissuaded him from pursuing an appeal after the second sentencing.

First, Occhipinti failed to show ineffective assistance of counsel because the absence of a notice of appeal after the first sentencing constituted neither deficiency nor prejudice. As the Government states, the relief available from a notice of appeal would be a withdrawal of Occhipinti's guilty plea. In fact, this Court granted defense counsel's motion to withdraw Occhipinti's guilty plea.[36]

Furthermore, to the extent that Occhipinti believes his counsel should have undertaken a notice of appeal, the motion to withdraw Occhipinti's guilty plea "was a tactical decision[] that cannot form the basis for an ineffective assistance claim."[37] Counsel was not deficient and Occhipinti did not suffer any prejudice from the lack of an appeal.

Accordingly, Occhipinti did not prove ineffective assistance when his counsel did not file a notice of appeal following the first sentencing.

Second, Occhipinti's claim also loses relating to the filing of a notice of appeal after the second sentencing. Occhipinti does not make clear what basis of appeal he sought following the second sentencing. Occhipinti appears to argue that his counsel dissuaded him from filing an appeal because he had waived issues such as mootness.[38]

As part of Occhipinti's plea agreement, he waived his right to appeal except for "any punishment in excess of the statutory maximum," "any sentence to the extent it exceeds 125

---

[36] Doc. 58.
[37] *Buell v. Mitchell,* 274 F.3d 337, 360 (6th Cir. 2001).
[38] Doc. 78-1 at 5.

-8-

Case No. 1:14-CR-229
Gwin, J.

months," or collateral attack regarding ineffective assistance of counsel or prosecutorial misconduct.[39]

Moreover, this Court found that Occhipinti's plea was voluntary.[40] Therefore, defense counsel acted in accordance with professional standards and Occhipinti suffered no prejudice. Occhipinti also did not prove ineffective assistance when his counsel did not file a notice of appeal following the second sentencing.

Accordingly, the Court finds that Occhipinti did not receive ineffective assistance of counsel and denies this ground for relief.

3. <u>Failure to Brief the Court Regarding Mental Incompetency</u>

Occhipinti finally argues that he received ineffective assistance when his counsel failed to brief the Court on Occhipinti's mental competency. Occhipinti acknowledges, however, that his counsel filed a Motion for Psychological Study and to Continue Sentencing.[41] Even though this Court denied the motion, defense counsel raised the issues before the Court.

More importantly, Occhipinti denied having mental health issues beyond anxiety on several occasions. First, during his January 20, 2015 plea colloquy, Occhipinti stated that he was treated for "a post control disorder," a type of anxiety disorder, and that it did not impact his understanding of the guilty plea proceeding.[42] Second, "Occhipinti reported no mental health history" to his Probation Officer in his final presentence investigation interview.[43] Therefore, no deficiency or prejudice exists because Occhipinti's counsel briefed the Court on issues of mental competency through his motion and Occhipinti denied the existence of mental incompetency multiple times.

---

[39] Doc. 64 ¶ 19.
[40] Docs. 64, 76.
[41] Doc. 44.
[42] Doc. 76 at 4.
[43] Doc. 46 at 271.

-9-

Case No. 1:14-CR-229
Gwin, J.

Accordingly, the Court finds that Occhipinti did not receive ineffective assistance of counsel and denies this ground for relief.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Occhipinti's motion under 28 U.S.C. § 2255. The Court further finds that no hearing is necessary in the instant matter, as the case record conclusively shows that Occhipinti is not entitled to relief.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: July 5, 2016                          *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE