UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| UNITED STATES OF AMERICA, | : | |
| :--- | :--- | :--- |
| | : | Case No. 1:14-cr-0229 |
| Plaintiff, | : | Case No. 1:16-cv-0717 |
| | : | |
| vs. | : | |
| | : | OPINION & ORDER |
| CARMEN OCCHIPINTI, | : | [Resolving Doc. 104] |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Carmen Occhipinti moves *pro se* to vacate his sentence. But Occhipinti has not obtained a certificate of appealability, and thus this Court does not have jurisdiction to hear his claim.

For the reasons stated below, the Court **TRANSFERS** Occhipinti's motion to the Court of Appeals.

## I. Background

On July 1, 2014, Occhipinti was indicted on four counts of wire fraud in violation of 28 U.S.C. § 1343, seven counts of bank fraud in violation of 18 U.S.C. § 1344(2), one count of witness tampering in violation of 18 U.S.C. § 1512(b)(1)(12), three counts of tax evasion in violation of 26 U.S.C. § 7201, and two counts of money laundering in violation of 18 U.S.C. § 1957.[1]

On August 5, 2014, Occhipinti executed a plea agreement with the United States and pleaded guilty to all counts before Magistrate Judge Nancy A. Vecchiarelli.[2]

---
[1] Doc. 1.
[2] Non-Doc Entry, dated August 5, 2014.

Case No. 1:14-cr-0229
Gwin, J.

On December 23, 2014, the Court sentenced Occhipinti to 151-months incarceration, three-years supervised release, $1,700 special assessment, and restitution in the amount of $2,094,108.[3] The Court inadvertently failed to formally accept the plea at the time of sentencing, and no formal judgment was entered on the docket.[4]

On January 3, 2015, Occhipinti, through counsel, filed a motion to withdraw his guilty plea.[5] On January 5, 2015, during a status conference and hearing, the Court granted Occhipinti's motion to withdraw his plea.[6]

On January 20, 2015, Occhipinti executed a Rule 11(c)(1)(C) plea agreement with the United States and pleaded guilty to all counts before the Court.[7] The Court sentenced Occhipinti to 120-months incarceration, five-years supervised release, $1,700 special assessment, and restitution in the amount of $2,094,108.[8]

On March 21, 2016, Occhipinti moved to vacate his sentence under 28 U.S.C. § 2255.[9] On July 5, 2016, the Court denied Occhipinti's motion and determined that there was no basis on which to issue a certificate of appealability.[10]

---

[3] Doc. 74.
[4] *See* Doc. 75 at 2, 7-8.
[5] Doc. 55.
[6] Doc. 58; *see* Doc. 75 at 12: 15-17.
[7] Doc. 64.
[8] Doc 63.
[9] Doc. 78.
[10] Doc. 92.

## II. Discussion

On December 6, 2019, Occhipinti filed the present motion to vacate judgment.[11] He alleges that the Court did not have jurisdiction to accept Occhipinti's second guilty plea or to sentence him.[12]

Because this motion collaterally attacks Occhipinti's sentence by presenting grounds for vacating the sentence, this Court must transfer the motion to the Sixth Circuit Court of Appeals "for consideration as [a] motion[] for authorization to file a second or successive § 2255 petition."[13]

## III. Conclusion

For the foregoing reasons, the Court **TRANSFERS** the motion to the Court of Appeals as an application to file a second or successive habeas corpus petition.

IT IS SO ORDERED.

Dated: February 28, 2020        *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[11] Doc. 104.
[12] *Id.* at 28. Occhipinti raised this argument in his first motion for relief under 28 U.S.C. § 2255. Doc. 78 at 11, 14. The Court rejected it, finding that the Court had jurisdiction to accept Occhipinti's second guilty plea and to sentence him. Doc. 92 at 6.
[13] *In re booker*, Nos. 18-3437/3764, 2020 WL 113907, at *1 (6th Cir. Jan. 7, 2020).