UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00229-JG-1 |
| Plaintiff, | : | OPINION & ORDER [Resolving Doc. 109] |
| vs. | : | |
| CARMEN OCCHIPINTI, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Carmen Occhipinti requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1] The Government opposes Occhipinti's request.[2]

For the following reasons, the Court **DENIES** Defendant Occhipinti's motion for compassionate release.

## I.      Background

In January 2015, Defendant Occhipinti pled guilty to seventeen wire fraud, bank fraud, tax evasion, money laundering, and witness tampering counts.[3] Defendant had defrauded people as part of a marble, tile, and ceramic business investment scheme.[4] This Court sentenced Occhipinti to 120 months' incarceration and 5 years' supervised release, as well as a $1,700 special assessment and $2,094,108 in restitution.[5]

Since April 2020, Defendant Occhipinti served his sentence in home confinement.[6]

---

[1] Doc. 109.
[2] Doc. 110.  Defendant replied.  Doc. 111.
[3] Doc. 110 at 2–3.
[4] *Id.* at 2.
[5] *Id.* at 3.
[6] Doc. 109 at 3.

Case No. 1:14-cr-00229-JG-1
Gwin, J.

## II.    Discussion

### A. Exhaustion

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may modify a defendant's prison term once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[7]

On March 22, 2020, Defendant Occhipinti sought compassionate release from the warden of Federal Prison Camp in Lewisburg, PA, where he was incarcerated.[8]

On April 21, 2020, the Bureau of Prisons released Defendant to home confinement.[9]

The Government argues that the Bureau of Prisons granted Defendant's compassionate release request within thirty days and cites the CARES Act.[10]  As such, the Government contends that Occhipinti has not met the exhaustion requirement for compassionate release.[11]    The Government's connection between Defendant's § 3582(c)(1)(A)(i) request and the CARES Act is unclear.  The Government is incorrect that the Bureau of Prisons sought Occhipinti's compassionate release following his § 3582(c)(1)(A)(i) request.

Occhipinti explains that he never received a response to his March 22nd 18 U.S.C. § 3582(c)(1)(A)(i) request.[12]  Rather, he says that he was released to home confinement under the 2018 First Step Act's early release pilot program for elderly offenders.[13]

---

[7] 18 U.S.C. § 3582(c)(1)(A)(i).
[8] Doc. 109 at 3; Doc. 109-1.
[9] Doc. 109 at 3.
[10] Doc. 110 at 5; Pub. L. No. 116-136, 134 Stat. 281 (2020).
[11] Doc. 110 at 5–6.
[12] Doc. 109 at 3; Doc. 111 at 2–3.
[13] Doc. 109 at 3 (referencing 34 U.S.C. § 60541(g)(1)(B)).

Case No. 1:14-cr-00229-JG-1
Gwin, J.

The record does not provide the Bureau of Prison's legal justification for placing Defendant Occhipinti in home confinement.  The Bureau of Prison's website indicates that that Occhipinti has not been released from custody.[14]  Further, 18 U.S.C. § 3582 does not provide for home confinement.[15]

Defendant Occhipinti filed this compassionate release motion on February 19, 2021, more than thirty days after he requested compassionate release from his warden.  Occhipinti has met the exhaustion requirement,  but the Court will not grant compassionate release.

### B.  Eligibility

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[16] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[17]

---

[14] Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited Apr. 15, 2021).

[15] 18 U.S.C. § 3582(c)(1)(A)(i).

[16] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

[17] *Id*. at 518 (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted).  The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors.  18 U.S.C. § 3553(a).

Case No. 1:14-cr-00229-JG-1
Gwin, J.

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[18]  Where an inmate files a motion on their own behalf, the court "may skip step two."[19]

Under the compassionate release statute, the Court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[20]

Defendant Occhipinti's current situation does not present extraordinary and compelling circumstances that warrant a sentence change under the compassionate release statute.  Defendant Occhipinti argues that serving the rest of his sentence under home confinement, as opposed to supervised release, "only hampers his ability to work and pay his restitution."[21]  Further, Defendant Occhipinti emphasizes his age and notes that, with his current sentence, he will be in his late seventies when he finishes his supervised release term.[22]  Occhipinti is also concerned that the elderly offender pilot program will end and his home confinement will be revoked.[23]  But Defendant does not bolster these broad concerns with specific reasoning to support a finding of extraordinary and compelling circumstances.

The Court recognizes that Defendant Occhipinti has an impressive prison record and that he has made an effort to support himself and to begin to pay restitution during his home

---

[18] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[19] *Jones*, 980 F.3d at 1111.

[20] 18 U.S.C. § 3582(c)(1)(A).

[21] Doc. 109 at 5.

[22] *Id.*

[23] *Id.*

-4-

Case No. 1:14-cr-00229-JG-1
Gwin, J.

confinement.[24]   But, rehabilitation alone is typically not enough to justify compassionate

release.[25]  Further, the Court finds that the 18 U.S.C. § 3553(a) factors disfavor release in this

instance.   The nature and seriousness of Defendant Occhipinti's offense, through which

Defendant Occhipinti defrauded many people, weighs against granting compassionate

release in this instance.

   III.   Conclusion

       For the foregoing reasons, the Court **DENIES** Defendant Occhipinti's request for

compassionate release.


IT IS SO ORDERED.


Dated:  April 20, 2021                            s/      *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[24] *Id.* at 4–5; Doc. 109-2; Doc. 109-3.
[25] *See U.S. v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020); *U.S. v. Villasenor*, No. 1:14CR420, 2021
WL 1289603, at *2 (N.D. Ohio Apr. 7, 2021).